1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN HARDNEY,                                    No.  2:14-cv-2962 MCE DAD P

12                  Plaintiff,

13          v.                                        FINDINGS AND RECOMMENDATIONS

14   L. TURNER et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   action was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20                                  **SCREENING REQUIREMENT**

21          The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

23   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

24   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26   U.S.C. § 1915A(b)(1) & (2).

27          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6                          **PLAINTIFF'S AMENDED COMPLAINT**[1]

7           In the present case, plaintiff has identified Officer Turner, Dr. Weyer, Sergeant Mazyek,

8    Lieutenant Prentice, Warden Virga, and Director Beard as the defendants in this action.  In his

9    complaint plaintiff alleges that prison officials charged and convicted him of two separate prison

10   rules violations.  On or about February 8, 2013, plaintiff was convicted of the disciplinary offense

11   of indecent exposure with masturbation and assessed a 90-day time credit forfeiture.  On or about

12   April 12, 2013, plaintiff was convicted of the prison disciplinary offense of sexual misconduct

13   and assessed a 60-day time credit forfeiture.  Plaintiff claims that defendants have violated his

14   right to privacy, right to be free from cruel and unusual punishment, and right to due process.  In

15   terms of relief, plaintiff requests declaratory and injunctive relief and monetary damages.  (Am.

16   Compl. at 1-18.)

17                                    **DISCUSSION**

18          The court will recommend dismissal of plaintiff's complaint because he fails to state a

19   cognizable claim for relief.  It is well established that "a state prisoner's § 1983 action is barred

20   (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter

21   the target of the prisoner's suit (state conduct leading to conviction or internal prison

22   proceedings) - if success in that action would necessarily demonstrate the invalidity of

23   confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in

24   original).  See also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing a § 1983 action for

---

[1]  On December 23, 2014, plaintiff commenced this action by filing a civil rights complaint.  On January 7, 2015, the court ordered plaintiff to file a completed affidavit in support of his request to proceed in forma pauperis ("IFP").  On January 26, 2015, plaintiff filed his completed affidavit, but before the court had an opportunity to screen plaintiff's original complaint he filed an amended complaint.  Under these circumstances, the court will proceed on plaintiff's amended complaint filed on February 9, 2015.

declaratory relief and monetary damages because a successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding a § 1983 action for damages that was based on "actions whose unlawfulness would render a conviction or sentence invalid" when the conviction or sentence has not yet been reversed, expunged, or otherwise invalidated to be barred).

Plaintiff's success in this action would necessarily call into question the validity of his prison disciplinary convictions and implicate the duration of his confinement because he lost good-time credits in connection with his prison disciplinary convictions. Accordingly, a writ of habeas corpus is plaintiff's sole remedy in federal court which he may pursue only after exhausting all of his constitutional claims in state court.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 7) be denied; and

2. This civil rights action be dismissed without prejudice to plaintiff's proper pursuit of habeas corpus relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2015

_Dale A. Drozd_
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hard2962.56

3