UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY, | No. 2:14-cv-2962-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| L. TURNER et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  He alleges that Defendants violated his rights to privacy, to be free from cruel and unusual punishment under the Eighth Amendment, and to due process.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On March 16, 2015, the magistrate judge filed Findings and Recommendations (ECF No. 9) recommending that the Court dismiss Plaintiff's First Amended Complaint (ECF No. 8).  Plaintiff filed objections to the Findings and Recommendations.  ECF No. 10.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a <u>de novo</u> review of the case.  Having carefully reviewed the entire file, the Court does not find that the findings and recommendations are

1

supported by the record and by proper analysis. The Court thus rejects the findings and recommendations.[1]

Plaintiff's claim stems from two separate Rules Violations Reports ("RVR"), one for indecent exposure on October 6, 2012 and another for sexual misconduct on March 14, 2013.[2] In total, he was assessed a 140-day good behavior credit forfeiture because of these incidents. Plaintiff unsuccessfully attempted to appeal the RVRs. He contends that he was unlawfully denied witnesses and an investigative employee in two internal administrative hearings related to the appeal. After the second violation, Plaintiff was forced to wear a special exposure control jumpsuit (referred to as an "IEX jacket") when he was outside his cell for up to sixty days and for hours at a time in extremely hot weather. Plaintiff brought the present action seeking declaratory relief, injunctive relief, and monetary damages.

On March 16, 2015, after conducting an initial screening of the case, the magistrate judge recommended dismissal of all three of Plaintiff's claims, concluding that a writ for habeas corpus was Plaintiff's sole remedy. However, a thorough review of Plaintiff's filing history indicates that Plaintiff did file a habeas petition based on his due process claim. On February 25, 2015, it was determined that Plaintiff's due process claim was improperly before the court as a writ for habeas corpus. See Hardney v. Virga, No. 2:14-cv-826-JAM-EFB, 2015 WL 814961 (E.D. Cal. Feb. 25, 2015) (adopted in full on Apr. 22, 2015). After a thorough analysis of the applicable U.S. Supreme Court and Ninth Circuit case law, the Court held that Plaintiff's due process claim "would not 'necessarily' spell speedier release." The Court agreed with the respondent in that case, who noted that the Plaintiff's minimum eligible parole date ("MEPD") had already passed, and that the invalidation of his RVR and the subsequent restoration of his good behavior credits would not "necessarily" result in an earlier release date. Id. at *1, 3 (quoting

---

[1] The Findings and Recommendations also denied Plaintiff's request to proceed in forma pauperis (ECF No. 7). Because the Court rejects the Findings and Recommendations, Plaintiff's request to proceed in forma pauperis (ECF No. 7) is still pending before the assigned magistrate judge.

[2] The facts are taken from Plaintiff's First Amended Complaint (ECF No. 8).

1  Skinner, 131 S. Ct. 1289, 1298-99 & n.13 (2011)).  Rather, the invalidation of the

2  disciplinary finding would "simply be one of many factors considered by the parole board

3  in determining petitioner's parole eligibility at his next hearing (scheduled for 2021)."  Id.

4  at *1.  Therefore, the Court determined his due process claim should have been brought

5  under § 1983 and not as a habeas claim.  Id. at *2-3.

6      Consistent with the holding in Hardney v. Virga, Plaintiff has now properly brought

7  his due process claim under § 1983.  While Plaintiff also brings new Eighth Amendment

8  and invasion of privacy claims, success on these claims would result in the same

9  restoration of good time credits, a result the Court previously determined would not

10 "necessarily spell speedier release."  As such, Plaintiff's claims for invasion of privacy

11 and Eighth Amendment violations are also appropriately before the Court as a § 1983

12 action rather than a habeas petition.

13      Accordingly, the findings and recommendations filed on March 16, 2015 (ECF

14 No. 9) are REJECTED.  This action shall proceed on Plaintiff's First Amended Complaint

15 filed on February 9, 2015.[3]

16      IT IS SO ORDERED.

17 Dated:  April 28, 2015

                MORRISON C. ENGLAND, JR., CHIEF JUDGE
                UNITED STATES DISTRICT COURT

---

[3] The Court observes that Plaintiff currently has a substantially similar claim pending in this district: Hardney v. Phillips, No. 2:13-cv-02371.  Pursuant to Local Rule 123 (Fed. R. Civ. P. 83), Plaintiff is required to file a Notice of Related Cases with this Court.