UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,  Plaintiff,  v.  L. TURNER, et al.,  Defendants. | No. 2:14-cv-2962 MCE DB P  ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with a civil rights action under 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's IFP status. (ECF No. 30.) In their motion, defendants argue that plaintiff accrued four strikes under 28 U.S.C. § 1915(g) prior to filing the present action. One of the prior cases cited by defendants is Hardney v. Villegas, 1:01-cv-5856 REC HGB P (E.D. Cal.). (See ECF No. 30-1 at 4.) Defendants describe plaintiff's claim in Hardney v. Villegas as an allegation that "Lieutenant Rodriguez abused his authority by finding Plaintiff guilty of a serious rules violation rather than an administrative rules violation." (Id.) Defendants state that the district court "dismissed the complaint, finding that Hardney failed to state a claim for relief." (Id.) In their reply brief, defendants further explain that the court dismissed Hardney . Villegas because it was barred by the rule of Heck v. Humphrey, 512 U.S. 477, 489 (1994). Defendants note that the

////

Ninth Circuit Court of Appeals had not, at that time, addressed the issue of whether a dismissal based on Heck constitutes a strike under § 1915(g).

After the briefing was submitted on defendants' motion, the Ninth Circuit issued an opinion on this very issue. In Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048, 1056-57 (9th Cir. 2016), the Ninth Circuit held that a Heck dismissal may constitute a strike where the "pleadings present an 'obvious bar to securing relief' under Heck" and "the case as a whole is dismissed for a qualifying reason" under § 1915(g).

This court requires additional briefing on the effect of Washington on defendants' argument that the dismissal of Hardney v. Villegas constitutes a strike under § 1915(g). Defendants' supplemental brief shall address, but is not limited to, two issues. First, defendants shall describe whether the dismissal of all claims raised in Hardney v. Villegas qualify as strikes. The court notes that in describing Hardney v. Villegas, defendants discussed only one of plaintiff's claims in that case. A review of the findings and recommendations shows that plaintiff raised three claims. (See Ex. E to Req. for Judicial Notice (ECF No. 31) at 15-28.) Second, defendants shall describe whether plaintiff sought only damages in Hardney v. Villegas, or whether he also sought injunctive relief that sounds in habeas.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within twenty days of the date of this order, defendants shall file a supplemental brief on the effect of Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048, 1056-57 (9th Cir. 2016) on defendants' contention that the dismissal of Hardney v. Villegas, 1:01-cv-5856 REC HGB P (E.D. Cal.) constitutes a strike under 28 U.S.C. § 1915(g). Defendants' brief shall include: (a) a statement whether any claims raised in Hardney v. Villegas sounded in habeas and sought injunctive relief; and (b) a discussion of whether the dismissal of Hardney v. Villegas was, in its entirety, based on a qualifying reason or reasons under § 1915(g).

////

////

////

    2.   Within twenty days after service of defendants' supplemental brief, plaintiff may file a response.

Dated: November 8, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hard2962.ifp supp brf