UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>    Plaintiff,<br><br>  v.<br><br>L. TURNER, et al.,<br><br>    Defendants. | No. 2:14-cv-2962 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se, and in forma pauperis ("IFP"), with an action under 42 U.S.C. § 1983. Before the court is defendants' motion to revoke plaintiff's IFP status on the grounds that the dismissals of at least three prior actions filed by plaintiff qualify as "strikes" against him pursuant to 28 U.S.C. § 1915(g). For the reasons set out below, this court finds plaintiff's IFP status should be revoked.

**BACKGROUND**

In his complaint filed December 23, 2014, plaintiff alleges that defendants violated his rights to privacy, to be free from cruel and unusual punishment under the Eighth Amendment, and to due process. (ECF No. 1.) In March 2016, plaintiff was granted leave to proceed in forma pauperis ("IFP") and the court found service of plaintiff's complaint appropriate on the defendants named. (ECF No. 20.) In June 2016, defendants filed the present motion to revoke plaintiff's IFP status. (ECF No. 30.) Defendants contend that four of plaintiff's prior actions

1

1  were dismissed on the grounds that they failed to state a claim upon which relief could be

2  granted. Therefore, defendants argue, plaintiff has accrued at least three strikes under the IFP

3  statute and is not entitled to proceed IFP in this case.

**MOTION TO REVOKE IFP**

**I.   In Forma Pauperis Statute**

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has previously brought three frivolous actions or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Section 1915(g) should be used to deny a prisoner's IFP status "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it.").

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding IFP unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d

1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews v. Cervantes, 493 F.3d at 1055. Plaintiff has not alleged imminent danger in the present case.

Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews v. King, 398 F.3d at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under 28 U.S.C. § 1915(g). Id.

**II.    Analysis**

Defendants contend the following cases count as strikes for purposes of § 1915(g): (1) Hardney v. Villegas, 1:01-cv-05856 REC HGB (E.D. Cal.); (2) Hardney v. Simons, 5:02-cv-00062 JW (N.D. Cal.); (3) DeArmond v. Kane, 5:01-cv-20217 JW (N.D. Cal.); and (4) Hardney v. Haws, 2:11-cv-07427 SVW ARG (C.D. Cal.). The court examines each case to determine whether its dismissal was based on the grounds that the action was frivolous, malicious, or failed to state a claim upon which relief could be granted.

**A.    Hardney v. Villegas, 1:01-cv-05856 REC HGB (E.D. Cal.)**

In 2003, the district court dismissed plaintiff's action because it "failed to state a claim upon which relief can be granted" under § 1983. (Ex. E to Req. for Judicial Notice (ECF No. 31 at 15-28).[1]) Specifically, the court found that plaintiff's claims would, if successful, affect the duration of plaintiff's confinement and should therefore have been brought in a habeas petition

---

[1] Defendants request the court take judicial notice of printouts from the federal court electronic records system listing plaintiff's various filings in the federal courts in California and of the decisions from the prior cases discussed herein. On a motion to dismiss, this court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); see also Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). Therefore, the court will grant defendants' request.

under Heck v. Humphreys, 512 U.S. 477, 487 (1994) and Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Defendants argue that a dismissal under Heck constitutes a strike.

### 1. Dismissals under Heck v. Humphrey

The Supreme Court has held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the "literal terms of §1983." Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). In Heck, the Court applied the reasoning of Preiser to a § 1983 claim for damages. Thus, a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" unless his conviction and sentence have previously been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486–87. The Supreme Court has applied Heck's bar to § 1983 claims which implicate the validity of a prison disciplinary sanction, as well as of an underlying conviction. See Edwards, 520 U.S. at 646-48 (claim for damages and declaratory relief challenging validity of procedures used to deprive prisoner of good time credits is not cognizable under § 1983).

### 2. When Does a Heck Dismissal Count as a Strike?

In June 2016, when defendants filed the present motion, the Ninth Circuit Court of Appeals had not addressed the question of whether a dismissal under Heck qualified as a strike under 28 U.S.C. § 1915(g). See Andrews v. Cervantes, 493 F.3d at 1052 n.2. In August 2016, the Ninth Circuit addressed this question in Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048 (9th Cir. 2016). On November 9, 2016, the court ordered the parties to brief the applicability of Washington to the district court's dismissal of Hardney v. Villegas. They have done so. (See ECF Nos. 39, 40.)

The court in Washington held that a Heck dismissal does not categorically count as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and thus does not necessarily count as a strike under § 1915(g). 833 F.3d at 1055. The Washington court held that a Heck dismissal constitutes a Rule 12(b)(6) dismissal "when the pleadings present an

1  'obvious bar to securing relief' under Heck." Id. at 1056 (quoting ASARCO, LLC v. Union Pac.
2  R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014)).  The court clarified that holding by explaining that
3  this standard would apply to count as a strike only where the entire action was dismissed for a
4  qualifying reason under the PLRA.  Id. at 1055, 1057 (citing Andrews v. Cervantes, 493 F.3d at
5  1054).

6  　　　　In Washington, the court considered whether one of plaintiff Washington's prior
7  proceedings constituted a strike under § 1915(g).  In that prior § 1983 proceeding, Washington
8  sought a "recall" of his allegedly unlawful sentence enhancement, essentially an injunction, and
9  damages for his additional year in prison based on the enhancement.  Id. at 1057.  The
10 Washington court found that the request for injunctive relief sounded in habeas.  Id.  A habeas
11 action is not a "civil action" within the purview of the PLRA and its dismissal does not trigger a
12 strike.  Id. (citing Andrews v. King, 398 F.3d at 1122-23).  Therefore, the dismissal of
13 Washington's prior suit did not amount to a strike because "the entire action was not dismissed
14 for one of the qualifying reasons enumerated by" § 1915(g).  Id.

**3.   Does the Heck Dismissal in Hardney v. Villegas Qualify as a Strike?**

16 　　　　In Hardney v. Villegas, plaintiff sought damages and declaratory relief for alleged
17 violations of his rights in three prison disciplinary proceedings.  (See Ex. E to Req. for Judicial
18 Notice (ECF No. 31 at 15-22).)  Under Washington, this court must determine whether each
19 claim for relief was dismissed for one of the qualifying reasons enumerated by § 1915(g).

20 　　　　In the first claim, Hardney alleged that he received a rules violation for evading work.
21 (Compl., Ex. A to Defs.' Supp. Brief, ¶ 11 (ECF No. 39 at 18).)  Hardney pled guilty to the
22 charge, and was found guilty of a serious rules violation.  Hardney was assessed a loss of thirty-
23 days good time credits he had previously earned toward his release.  (Id. ¶ 14.)  Hardney alleged
24 that he should have been found guilty of an administrative rules violation, rather than a serious
25 rules violation.  (Id.)

26 　　　　In his second claim, Hardney alleged that he was issued a disciplinary violation for
27 masturbating during a close custody count.  (Id. ¶ 20.)  The disciplinary hearing was held on
28 September 30, 1996, and Hardney was found guilty of the charge and assessed ninety-days loss of

good time credits. (Id. ¶ 24.) Hardney alleged that officers failed to investigate to discover that it was his cellmate, not him, who committed the violation. Hardney alleged that he appealed the finding of guilt to the "highest level available," but the appeal was denied, and the guilty finding was upheld. (Id. ¶ 26.)

In claim three, Hardney alleged that he was issued a disciplinary violation for making a lewd sexual gesture at staff. (Id. ¶¶ 29, 30.) Hardney was later found guilty of the charge, and assessed thirty-days loss of good time credits. (Id. ¶¶ 31, 32.) Hardney again "appealed the charges and the guilt findings to the highest administrative level." (Id. ¶ 33.) Hardney's appeal was again denied, and the finding of guilt was sustained. (Id.)

In the section of his complaint entitled "Relief Requested" in Hardney v. Villegas, Hardney first sought the following "declaratory judgment[s]:" (1) that defendants charged plaintiff with violations for illegal sex acts for "malicious, sadistic purposes, reckless and indifferent to plaintiff's equal protected rights, in violation of the eighth amendment and contributed to and proximately caused the due process of law in violation;" and (2) that defendants' actions in conducting, and sustaining, plaintiff's disciplinary hearings, "violated the plaintiff's rights under the due process clause." Hardney then sought compensatory, nominal, and punitive damages. Finally, he sought "such other relief as it may appear that plaintiff is entitled." (Id. at 18-20 (ECF No. 39 at 32-34).)

To determine whether the Heck dismissals of plaintiff's claims in Hardney v. Villegas qualify as strikes, this court must first determine whether plaintiff's pleadings in that case presented an "obvious bar to securing relief" under Heck. See Washington, 833 F.3d at 1056. This court finds that they did. Plaintiff was challenging the procedures in, and therefore the validity of, three disciplinary hearings. It was obvious from the face of plaintiff's complaint that his success on those challenges would necessarily imply the invalidity of the deprivation of his good-time credits, and, consequently, the duration of his sentence. See Edwards, 520 U.S. at 646. Therefore, it was apparent from the face of plaintiff's complaint that it was subject to dismissal based on the rule of Heck and Edwards that plaintiff must first seek habeas relief to challenge the validity of these disciplinary proceedings.

The second question under Washington is whether plaintiff sought relief that sounded only in habeas, creating an "intertwined" habeas/civil rights case that would not count as a strike. Washington, 833 F.3d at 1057. Plaintiff's request for damages falls squarely under Heck and does not sound in habeas. Id. at 1056-57. Plaintiff also requested declaratory relief. The court in Washington did not address requests for declaratory relief. However, declaratory relief does not sound in habeas. Claims at the "core of habeas" are those seeking speedier release. See Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011); see also Munaf v. Geren, 553 U.S. 674, 693 (2008).

In fact, courts have recognized that the habeas statute may not authorize relief that "neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody." Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring), cited in Skinner, 562 U.S. at 535 n. 13. A request for declaratory relief seeks only a pronouncement on the rights and other legal relations between interested parties. See 28 U.S.C. § 2201; see also I.B. ex rel. Fife v. Facebook, Inc., 905 F. Supp. 2d 989, 1005 (N.D. Cal. 2012) (party may seek a declaration under the Declaratory Judgment Act "whether or not further relief is or could be sought"). It is not the injunctive-type relief available through habeas. The Ninth Circuit recognized the "considerable difference between ordering a government official to conduct his activities in a certain manner, and simply pronouncing that his conduct is unlawful and should be corrected." Olagues v. Russoniello, 770 F.2d 791, 803 (9th Cir. 1985) (emphasis omitted). This court finds that Hardney's request for declaratory relief in Hardney v. Villegas did not sound in habeas.

This conclusion is supported by the fact that nothing in Hardney's statement of his claims or request for relief in Hardney v. Villegas indicated that he sought any sort of restoration of the good time credits lost or other relief that could directly affect his sentence. In other words, nothing about the complaint in Hardney v. Villegas sought relief sounding in habeas. Therefore, the district court's dismissal of all of plaintiff's civil claims under Heck qualifies as a Rule 12(b)(6) dismissal under section 1915(g) and counts as a strike.

////

////

**B.   Hardney v. Simons, 5:02-cv-00062 JW (N.D. Cal.)**

This case was dismissed in 2002 upon screening for failure to exhaust administrative remedies.  (Ex. F to Req. for Judicial Notice (ECF No. 31 at 32).)  The failure to exhaust was apparent from the face of the complaint.  In that complaint, Hardney stated that he had filed a grievance but had not received a response.  The court found Hardney failed to exhaust his administrative remedies and dismissed the complaint.  (Id. at 33.)  Where the failure to exhaust is evident from the face of the complaint, dismissal of the case amounts to a failure to state a claim under the standards of Rule 12(b)(6) and the dismissal counts as a strike under § 1915(g).  See Williams v. Cal. Dep't of Corr. and Rehab., No. 2:09-cv-0784 AC P, 2013 WL 2151573, at *4 (E.D. Cal. May 16, 2013) (dismissal for non-exhaustion at screening, on grounds that constitute failure to state a claim, counts as a strike under § 1915(g) (citing Jones v. Bock, 549 U.S. 199, 214-15 (2007)), findings and recom. adopted, 2013 WL 5773086 (E.D. Cal. Oct. 23, 2013);  see also Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (where failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6));  cf., Richey v. Dahne, 807 F.3d 1202, 1207-08 (9th Cir. 2015) (because determination of failure to exhaust was made on summary judgment, rather than being clear on the face of the complaint, it did not constitute a strike).

**C.   DeArmond[2] v. Kane, 5:01-cv-20217 JW (N.D. Cal.)**

In 2001, upon screening, the court dismissed this suit with prejudice based on plaintiff's failure to state a claim under § 1983.  (Ex. G to Req. for Judicial Notice (ECF No. 31 at 40-41).)  Plaintiff claims this case was settled.  However, plaintiff does not provide any record that the case was settled.  The Northern District court's opinion dismissing that case for failure to state a claim makes no mention of any settlement.  (Id.)  The docket for the case reflects only that it was dismissed with prejudice and judgment was entered against plaintiff on September 19, 2001, the

---

[2] Defendants assert that John DeArmond is plaintiff's alias.  Plaintiff does not contest that fact.  In a prior decision of this court, it was noted that "John DeArmond" is plaintiff's alias and the court was satisfied that DeArmond and plaintiff are the same person.  (See Mar. 2, 2005 Find. & Recom. in Hardney v. LaMarque, No. CIV S-04-0476 DFL KJM P, at 3 (E.D. Cal.), attached as Ex. H to Req. for Judicial Notice (ECF No. 31 at 48).)

1  date the court ordered the case dismissed.  (ECF No. 31 at 40-43.)

2  In DeArmond, Hardney alleged his appellate attorney violated his constitutional rights by
3  failing to promptly turn over Hardney's legal materials.  Because plaintiff did not allege a
4  deprivation of his rights by a person acting under the color of state law, the court found plaintiff
5  failed to state a claim cognizable under 42 U.S.C. § 1983.  (Id. at 41.)  The dismissal for failure to
6  state a claim constitutes a strike under § 1915(g).

### D.  Hardney v. Haws, 2:11-cv-07427 SVW ARG (C.D. Cal.)

8  Plaintiff filed this action as a habeas corpus petition.  It was summarily denied because
9  plaintiff's claims were not cognizable in habeas.  (Ex. I to Req. for Judicial Notice (ECF No. 31
10 at 57).)   As a general rule, the dismissal of a habeas petition does not constitute a strike.
11 Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  However, the Ninth Circuit has
12 recognized an exception to this rule for habeas petitions that are "little more than 42 U.S.C. §
13 1983 actions mislabeled as habeas petitions so as avoid the penalties imposed by 28 U.S.C. §
14 1915(g)."  Id. at 1122 n.12.  Defendants argue that exception applies here because despite being
15 advised of the difference between habeas and civil rights cases, plaintiff continued to file § 1983
16 actions as habeas petitions.  Defendants cite to just one example of this supposed abuse:  Hardney
17 v. Lizarraga, No. 1:15-cv-0364 AWI MJS (HC) (E.D. Cal.).  According to the docket for that
18 case, an order issued June 23, 2015 dismissed the case for failure to state a claim cognizable in
19 habeas.

20 Nothing indicates that plaintiff filed Hardney v. Haws as a habeas action for the purpose
21 of evading the penalties of § 1915(g).  Defendants cite to no decisions in which a habeas
22 dismissal met the exception set out in the Andrews footnote.  This court has found a few cases
23 addressing the issue.  In two, the courts declined to find the dismissal of a habeas petition
24 amounted to a strike absent a finding that the habeas petition was "frivolous" or brought in bad
25 faith.  In 2010, a colleague in this court considered the defendants' argument that a prior
26 dismissal of a habeas appeal should constitute a strike.  In that prior case, the habeas petition was
27 dismissed without prejudice because the claims sounded in civil rights, rather than habeas.  Hollis
28 v. Downing, No. 2:09-cv-3431 FCD KJN P, 2010 WL 5115196, at *3 (E.D. Cal. Dec. 9, 2010),

1  findings and recom. adopted, 2011 WL 590756 (E.D. Cal. Feb. 10, 2011).  However, rather than
2  filing a civil rights action, the plaintiff chose to file an appeal.  The court found the appeal
3  frivolous.  The court in Hollis held that this finding was a strike under the plain language of §
4  1915(g).  Id.; see also Thomas v. Felker, No. CIV S-09-2486 GEB CKD P, 2012 WL 1355764,
5  *3 (E.D. Cal. Apr. 18, 2012) (because dismissal of habeas petition did not indicate the petition
6  was brought in bad faith, court would not consider it a strike), findings and recom. adopted on
7  Nov. 8, 2012.  But see Payne v. Fujioka, No. 1:13cv2079 AWI DLB PC, 2015 WL 4042018, *4
8  (E.D. Cal. July 1, 2015) (dismissal of mixed habeas petition considered a strike), findings and
9  recom. adopted, 2015 WL 5138090 (E.D. Cal. Aug. 26, 2015).  This court agrees with the
10 decision in Hollis and Thomas that a prior habeas petition must have been labelled frivolous or
11 filed in bad faith to fall within the exception created by Andrews and qualify that dismissal as a
12 strike.
13     In the present case, plaintiff Hardney's habeas petition was not found frivolous or
14 otherwise filed in bad faith to place it within the purview of § 1915(g).  Accordingly, this court
15 finds the dismissal of Hardney v. Haws does not constitute a strike.

## CONCLUSION

17     Plaintiff is a frequent litigant in the federal courts of California.  By this court's count,
18 plaintiff has filed over twenty-five civil rights and habeas cases in just this district in the last
19 twenty years.  (See also Exs. A-D to Req. for Judicial Notice (ECF No. 31 at 5-11).)  Defendants
20 have shown that prior to November 11, 2013, when plaintiff filed this action three cases had been
21 resolved against plaintiff on the grounds that he failed to state a claim upon which relief could be
22 granted.  Each of those dismissals qualifies as a strike under the PLRA.  Accordingly, plaintiff's
23 IFP status should be revoked.
24     Defendants argue that revocation of plaintiff's IFP status should result in dismissal of this
25 case.  Several courts have so held.  See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)
26 (filing fee must be paid at the time suit filed; therefore, when IFP revoked, case should be
27 dismissed); In re Alea, 286 F.3d 378, 380 (6th Cir. 2002).  While the Ninth Circuit has dismissed
28 an appeal under § 1915(g) and has affirmed dismissals, it does not appear that the court has, in a

1  published opinion, addressed the issue of whether or not dismissal is required. See Tierney v.
2  Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming district court's dismissal of complaint
3  based on denial of IFP); Rodriguez v. Cook, 169 F.3d 1176, 1182 (9th Cir. 1999) (dismissing
4  appeal because plaintiff had three strikes). The court has, however, come close to rejecting the
5  statement in Dupree that the filing fee must be paid at the time the action is initiated. In an
6  unpublished opinion, the Ninth Circuit held that where plaintiff paid the filing fee after filing his
7  action but prior to dismissal, the issue of his IFP status became moot and the dismissal was in
8  error. See Funtanilla v. Tristan, 234 Fed. Appx. 505, 506 (9th Cir. 2007) (after magistrate judge
9  issued recommendation that plaintiff's IFP status be revoked, but before district court adopted
10 that recommendation, plaintiff paid filing fee). The court distinguished Dupree by stating that the
11 plaintiff in that case had paid the filing fee after the case was dismissed. Id. The court did not
12 address directly the statement in Dupree that a prisoner "must pay the filing fee at the time he
13 *initiates* the suit." Dupree, 234 F.3d at 1236 (emphasis in original).
14      Some judges in this district, relying on the reasoning of Dupree, followed suit and
15 dismissed a case following revocation of IFP. See Saif'ullah v. Sisto, No. 2:08-CV-1209 RSM,
16 2011 WL 1235197, at *2 (E.D. Cal. Mar. 31, 2011) (collecting cases and concluding that this
17 district has adopted the Dupree approach). However, other judges have not. A number of judges
18 in this district permitted plaintiffs the opportunity to pay the full filing fee to proceed with the
19 action. See, e.g., Bontemps v. Sotak, No. 2:09-cv-2115 MCE EFB P, 2015 WL 812360, at *7
20 (E.D. Cal. Feb. 25, 2015), findings and recom. adopted, 2015 WL 1469870 (E.D. Cal. Mar. 30,
21 2015); Rider v. Parente, No. CIV S-09-0637 MCE DAD P, 2011 WL 2745986, at *5 n.7 (E.D.
22 Cal. July 14, 2011) (noting the holding in Dupree but finding it is not binding on this court),
23 findings and recom. adopted on Sept. 12, 2011; Harper v. Cal. Dept. of Corr., No. CIV S-09-1969
24 GEB KJN P, 2010 WL 2348735, at *5 (E.D. Cal. June 8, 2010), findings and recom. adopted,
25 2010 WL 3715132 (Sept. 15, 2010); Hollis, 2010 WL 5155196, at *5. This court finds it
26 appropriate and fair to permit plaintiff an opportunity to pay the fee and proceed with this action.
27 If he fails to do so, the case should be dismissed.
28 ////

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendants' June 14, 2016 Request for Judicial Notice (ECF No. 31) is granted; and
2. Defendants' June 20, 2016 Motion for an Extension of Time to File a Response (ECF No. 32) is granted.

It is further RECOMMENDED that

1. Defendants' June 14, 2016 Motion to Revoke Plaintiff's In Forma Pauperis Status (ECF No. 30) be granted;
2. Plaintiff's IFP status be revoked; and
3. Plaintiff be required to furnish the remainder owed of the statutory filing fee of $350 to proceed with this action and be admonished that failure to pay the filing fee within thirty days of any order adopting this recommendation will result in dismissal of this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 20, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hard2962.ifp