UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>            Plaintiff,<br><br>      v.<br><br>L. TURNER, et al.,<br><br>            Defendants. | No.  2:14-cv-2962 MCE DB P<br><br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  In findings and recommendations filed on January 23, 2017, the undersigned recommended that defendants' motion to revoke plaintiff's in forma pauperis ("IFP") status be granted.  On February 3, 2017, plaintiff filed objections to those findings and recommendations.  After reviewing those objections and defendants' responses, the undersigned withdraws the January 23, 2017 findings and recommendations and, recommend that defendant's motion to revoke plaintiff's IFP status be denied.

**BACKGROUND**

In their motion to revoke plaintiff's IFP status, defendants contend that four of plaintiff's prior actions were dismissed on the grounds that they failed to state a claim upon which relief could be granted.  (ECF No. 30.)  Therefore, defendants argue, plaintiff has accrued at least three strikes under the IFP statute and is not entitled to proceed IFP in this case.  The undersigned

1

examined each of the four prior actions identified by defendants and determined that three of those four actions amounted to strikes under the IFP statute. Specifically, the undersigned found that the following three prior actions should count as strikes: (1) Hardney v. Villegas, 1:01-cv-05856 REC HGB (E.D. Cal.); (2) Hardney v. Simons, 5:02-cv-00062 JW (N.D. Cal.); and (3) DeArmond v. Kane, 5:01-cv-20217 JW (N.D. Cal.). Based on these findings, the undersigned recommended defendants' motion to revoke plaintiff's IFP status be granted. (ECF No. 41.)

## PLAINTIFF'S OBJECTIONS

On February 3, 2017, plaintiff filed objections to these findings and recommendations. (ECF No. 42.) Plaintiff brings to the court's attention a ruling by the Ninth Circuit Court of Appeals on a motion to revoke plaintiff's IFP status in a separate action. In a January 13, 2017 order in Hardney v. Phillips, No. 16-15095, the Ninth Circuit ruled on the defendants/appellees' motion to revoke plaintiff/appellant's IFP status. The Ninth Circuit made the following one-sentence ruling: "Appellees' motions to revoke appellant's in forma pauperis status (Docket Entry Nos. 7, 9) are denied. *See El-Shaddai v. Zamora*, 833 F.3d 1036 (9th Cir. 2016); *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016)."

This court's review of the docket in the Hardney v. Phillips, No. 16-15095, shows that appellees made a motion, then an amended motion, to revoke plaintiff's IFP status. In their amended motion, appellees argued plaintiff had accrued strikes in the following five cases: DeArmond v. Kane, No. 5:01-cv-20217-JW (N.D. Cal.); Hardney v. Simons, No. 5:02-cv-0062-JW (N.D. Cal.); Hardney v. Villegas, No. 1:01-cv-5856-REC-HGB (E.D. Cal.); Hardney v. Hawes, No. 2:11-cv-7427-SVW-AGR (C.D. Cal.); and Hardney v. Lizarraga, No. 1:15-cv-0364-AWI-MJS (E.D. Cal.). The first three of those cases are the same cases for which the undersigned found plaintiff had accrued strikes. Because the Ninth Circuit's denial of the motion to revoke plaintiff's IFP status indicates the court did not find that three of those five cases amounted to strikes, the Ninth Circuit necessarily found that at least one of the cases that the undersigned determined should be counted as a strike should not be counted as a strike.

Defendants argue that the Ninth Circuit's decision in Hardney v. Phillips, No. 16-15095 does not bar this court's contrary holding under the doctrines of the "law of the case" or

"estoppel." (ECF No. 43.) While that may be true, the undersigned finds its January 23, 2017 findings that plaintiff has accrued three strikes to be directly in conflict with the Ninth Circuit's holding on the same issue.

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations issued January 23, 2017 are withdrawn; and

IT IS HEREBY RECOMMENDED that defendants' motion to revoke plaintiff's IFP status (ECF No. 30) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hard2962.ifp fr2